McCay, Judge.
The evidence of the absence of any negligence in running the train at the moment of the killing of this mule is very strong, and is wholly uncontradicted. Nobody saw the mule killed; indeed, it is only by inference (very strong, it is true,) that the fact is made out of the killing by the train at all. It was night, and the driver testifies positively to the use of the greatest care. A railroad company is not liable for an unavoidable accident, even under our statute in relation to stock. If, with every reasonable precaution, proper lookout, and proper speed and proper attention, an unavoidable damage ensues, the company which has, by law, a right under such precautions to run its train, is not responsible.
*The presumption is against the road, and the proof under our law must be made that there was no negligence or want of ordinary care. It has been argued in this case that, as the road was not fenced, this was negligence; that nobody has a right to use a dangerous machine like a moving train, except within an inclosure. This is a very important question, and one that is not definitely settled in this State; at least, so far as to determine whether, if this be all the negligence shown in a particular case, a railroad companjr is liable for accidents to stock running at large.- We do not, however, think the question arises here. This killing was of stock in a field into which the mule had been deliberately turned by the owner. The field was a common one. It inclosed the road as well as the plaintiff’s land, and it was, in the nature of things, a mutual inclosure. By running his fence up to the road, and having pits dug across the track, the plaintiff consented that the defendant’s inclosure and his should be a common one, and should be used by each for its own purposes. As to the plaintiff, therefore, there was no negligence in the company for failing to have a fence. Against everybody else it had a fence, and as to him, there was a mutual consent that there should be a common inclosure. ITe turned his mule into that field with á full knowledge of the danger and of the mutual arrangement. He knew the trains would pass, and pass at night, and that the very thing which did happen might occur. He had the right to expect that the agents of the com *348 pany would exercise care and prudence in running the train. That, it is proven, they did. The question of the duty of the company to build a fence against stock running at large does not, therefore, in our opinion, arise.
Judgment reversed.